KOPF, District Judge,
concurring.
When defining the product market, and considering the issue of cross-elasticity of demand, the district court relied heavily upon the testimony of doctors that they would use Indocin or NeoProfen without regard to price. Admittedly, those doctors had no responsibility to pay for the drugs or otherwise concern themselves with cost. Thus, the doctors had scant incentive to conserve the scarce resources that would be devoted to paying for the medication. Why the able and experienced trial judge relied upon the doctors’ testimony so heavily is perplexing. In an antitrust case, it seems odd to define a product market based upon the actions of actors who eschew rational economic considerations. See, e.g., F.T.C. v. Tenet Health Care Corp., 186 F.3d 1045, 1054 & n. 14 (8th Cir.1999) (observing that “market participants are not always in the best position to assess the market long term” and that is particularly so where their testimony is “contrary to the payers’ economic interests and thus is suspect”). That oddity seems especially strange where, as here, there is no real dispute that (1) both drugs are effective when used to treat the illness about which the doctors testified and (2) internal records from the defendant raise an odor of predation.
The foregoing having been said, the standard of review carries the day in this case as it does in so many others. As a result, I fully concur in Judge Benton’s excellent opinion.